# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3443 | **DATE** | 12/17/2001 |
| **CASE TITLE** | Richard Cross vs. City of Chicago et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the individual defendants' motion to dismiss [20-1] is granted. This matter is dismissed without prejudice with respect to Officer Bell and Officer Starks. The plaintiff's Section 1983 claim against Officer Willis is also dismissed without prejudice. The state law claims against Officer Willis are dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 21 2001 | 37 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | 01 DEC 20 PM 5:13 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| TSA courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



RICHARD CROSS, )
)
Plaintiff, )
) No. 99 C 3443
v. )
) Judge Wayne R. Andersen
CITY OF CHICAGO, et al., )
)
Defendants. )

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendants Kevin Bell, Alexander Starks, and Leo Willis (collectively the "individual defendants") to dismiss plaintiff Richard Cross' first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficiency of process. Additionally, defendant Willis moves for the dismissal of two state law claims pending against him individually by asserting they are barred by the applicable statute of limitations. For the following reasons, the individual defendants' motion to dismiss is granted.

### BACKGROUND

On May 24, 1999, plaintiff Richard Cross filed a three-count complaint against Officer Starks, Officer Bell, the City of Chicago, and the Chicago Police Department. Cross claimed the defendants violated his civil rights in violation of 42 U.S.C. §1983 by maliciously prosecuting him as well as subjecting him to an allegedly false arrest and period of imprisonment.

Cross' attorney timely served the City of Chicago through its Corporation Counsel, as evidenced by the fact that the Corporation Counsel's office accepted service of the initial complaint and summons on May 24, 1999. Cross' counsel apparently believes that the City and the Corporation Counsel's office also accepted service on behalf of Officer Bell and Officer Starks at the same time. However, a letter from the Special Duty Corporation Counsel addressed

1

to Cross' attorney, dated May 25, 1999, explicitly stated, "the Office of the Corporation Counsel of the City of Chicago is not authorized, by law or fact, to accept 'process of service' for the police officers you have identified as defendants." (Individual Defs.' Reply to Pl.'s Resp. to Individual Defs' Mot. to Dismiss, Ex. C.)

On July 12, 1999, Cross' attorney sent Officer Bell and Officer Starks a waiver of service of process form because neither officer filed an appearance with the Court or contacted Cross' attorney. Officer Bell and Officer Starks claim they never received these waiver requests. After receiving no response, Cross' attorney attempted to serve the two individual officers at Chicago Police Headquarters on an unspecified date. However, Bell and Starks were not present at that time and no other officers accepted service of process on their behalf.

On March 2, 2000, Cross filed an amended complaint against Officers Bell, Starks, and Willis, the City of Chicago, the Chicago Police Department, and other unnamed Chicago Police officers. In the amended complaint Cross presented the same three counts raised in his original complaint.

The individual defendants admit that Cross eventually sent his original complaint to the Police Superintendent's Office on or about October 25, 2000. The Superintendent's Office then forwarded the original complaint to the individual defendants on October 27, 2000. Remarkably, this means that the individual defendants were not served with the original complaint until seventeen months after it was filed. Furthermore, the three officers were not served with the first amended complaint at that time, and Cross does not contest the individual defendants' claim that they were never properly served with the first amended complaint.

## DISCUSSION

### I. Motion to Dismiss Pursuant to Rule 12(b)(5)

#### A. Sufficiency of Service

Cross apparently concedes that service of process was insufficient with respect to Officer Willis, who received a copy of the initial complaint in late October 2000, almost eight months

2

after Cross filed the first amended complaint. The original complaint did not name Officer Willis as a defendant, and it is uncontested that Officer Willis never properly received a copy of the first amended complaint. Therefore, the Section 1983 case against Officer Willis is hereby dismissed for insufficiency of service of process.

With respect to the other individual defendants, Cross has argued that serving a complaint and summons on the City of Chicago's Corporation Counsel's office and mailing waiver letters to Officers Bell and Starks satisfies the requirement of Federal Rule of Civil Procedure 4. We disagree. First, the City of Chicago cannot legally accept service of process on behalf of individual officers. In the letter mailed to Cross' attorney, the Special Duty Corporation Counsel explicitly refused to accept service on behalf of Bell and Starks. (Individual Defs.' Reply to Pl.'s Resp. to Individual Defs' Mot. to Dismiss, Ex. C.) In the letter, the Corporation Counsel suggested that Cross' attorney contact the Office of Superintendent of Police to aid in serving the individual defendants with the original complaint. (Id.) The record reflects that Cross ultimately followed this advice seventeen months later.

Second, a waiver letter does not excuse service unless it is signed and returned by the defendant. See Fed.R.Civ.P. 4(d). If Cross did not understand the waiver process, a quick glance at Form 1A in the Appendix of Forms to the Federal Rules of Civil Procedure, entitled "The Notice of Lawsuit and Request for Waiver of Service of Summons," should have eliminated any confusion. The sample waiver form states in relevant part, "[i]f you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure." Id. In addition, the Federal Rules clearly state that it is the plaintiff's responsibility to properly serve the defendants. See Fed.R.Civ.P. 4(c)(2) ("The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)...."). Thus, whether or not the defendants received and ignored the waiver request is immaterial. Rule 4(d) does not excuse formal service if the waiver is not returned. Further, if a defendant ignores a waiver request, the "only penalty a defendant will

3

suffer ... is an assessment against it of the costs of service." Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998); see also Fed.R.Civ.P. 4(d)(5).

Finally, Cross has never even attempted to serve the first amended complaint. His attorney apparently believes that service is effected if a defendant has notice, either explicitly or implicitly, of the underlying suit. This belief is incorrect and Cross' attempts to demonstrate that two of the individual defendants may have had notice of the underlying suit is immaterial to the question of whether service was properly effectuated.

B. Federal Rule of Civil Procedure 4(m) Time Limits for Service

Rule 4(m) sets forth the time limits for service in federal causes of action. Specifically, the rule states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Consequently, the text of Rule 4 instructs that if a plaintiff misses the 120-day deadline for service, two potential avenues to avoid dismissal exist. First, "a district court must ... inquire whether a plaintiff has established good cause for failing to effect timely service." Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996). If good cause is shown, "the court has no choice but to extend the time for service, and the inquiry is ended." Id. In the case at bar, Cross does not argue that good cause exists to excuse the insufficient service of process.

If good cause is not shown, a court must still consider whether to grant a discretionary extension of time. Panaras, 94 F.3d at 341 (citing Henderson v. United States, 517 U.S. 654, 662, 663 & n.10 (1996)); see also Blaney v. West, 209 F.3d 1027, 1030 (7th Cir. 2000). The Advisory Committed Note to Rule 4(m) provides some guidance as to what factors a court should consider. "Relief may be justified... if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."

4

Fed.R.Civ.P. 4(m), advisory committee's note.

A number of factors convince us that a discretionary extension of time is not appropriate in this case. First, although Cross may be barred from refiling some of his claims because the applicable statutes of limitations have run, a "district court may in its discretion still dismiss a case even after considering ...[this factor]." Panaras, 94 F.3d at 341; see also Troxell, 160 F.3d at 382-83. We are not persuaded by this factor. Second, the record does not reflect that Cross' attorney has seriously attempted to remedy the deficiencies in the service of process in this case. His attorney did not file a motion seeking an extension of time. In an attempt to circumvent the obvious procedural problems that exists here, his attorney now claims that he believed proper service was made when the Corporation Counsel's office accepted the initial complaint on behalf of the City. However, if Cross' attorney believed this action was sufficient to serve the individual defendants, then that conviction is seemingly belied by the request for a waiver of service two months later. Furthermore, Cross has not contested the individual defendants' claim that they were never properly served with the first amended complaint. In Troxell, the Seventh Circuit upheld dismissal when the plaintiff finally served the defendant more than 240 days after filing her complaint. 160 F.3d at 382-83. If dismissal was appropriate in that instance, it is certainly appropriate here because the defendants have never properly been served with the first amended complaint.

Finally, Cross tangentially argues that a permissive extension is appropriate because the defendants "engaged in vigorous attempts to avoid service." (Pl.'s Resp. to Individual Defs.' Mot. to Dismiss, at 2.) This argument must fail. Although serving a Chicago Police Officer may not be easy, Cross has made absolutely no showing that the individual defendants actively avoided service.

## II. Motion to Dismiss State Law Claims Against Willis

Although not framed as a motion to dismiss under Rule 12(b)(6), Officer Willis also argues that the state law claims against him are time-barred because these claims were filed past

5

the applicable one year statute of limitations. See 745 ILCS 10/8-101. Cross does not contest this argument, and, as a result, we hold that the statute of limitations bars Cross' malicious prosecution and false arrest and imprisonment claims against Officer Willis.

**CONCLUSION**

For the foregoing reasons, the individual defendants' motion to dismiss is granted. This matter is dismissed without prejudice with respect to Officer Bell and Officer Starks. The plaintiff's Section 1983 claim against Officer Willis is also dismissed without prejudice. The state law claims against Officer Willis are dismissed with prejudice.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 17, 2001

6